IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARI BAILEY,                          :
                                     :
          Petitioner                 :
                                     :
     v.                              :     CIVIL NO. 3:CV-17-441
                                     :
WARDEN DAVID EBBERT,                 :        (Judge Conaboy)
                                     :
          Respondent                 :

_____

## MEMORANDUM
## Background

Ari Bailey (Petitioner) an inmate presently confined at the
United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg)
filed this pro se petition for writ of habeas corpus pursuant to 28
U.S.C. § 2241.  Named as Respondent is USP-Lewisburg Warden David
Ebbert.  Petitioner's request to proceed in forma pauperis will be
granted for the sole purpose of the filing of this action with this
Court.

Bailey is a frequent pro se litigant and his prior criminal
history has been outlined in prior decisions issued by this Court.
The Petitioner was arrested and charged with the December 23, 1993
rape of a dorm student at Howard University in Washington D.C.[1]

---

[1] Bailey allegedly knocked on the door of the victim's dorm
room and asked to use the telephone.  The victim recognized Bailey
as someone she had seen around campus and allowed him to use her
phone.  After making a phone call, the Petitioner purportedly
forced the victim to engage in sexual intercourse.  She suffered
bruises to her neck and upper body as a result of the assault.
(continued...)

See Bailey v. United States, 699 A.2d 392 (D.C. 1997). At the time

of his arrest, Petitioner had an outstanding warrant from the State

of Maryland charging him with an unrelated rape which had occurred

in the City of Baltimore.  See id.  Bailey was convicted of the

rape of the Howard University student following a jury trial in the

Superior Court for the District of Columbia.  Petitioner was

sentenced to a fifteen (15) to forty-five (45) year sentence by the

District of Columbia Superior Court.  Bailey's conviction was

affirmed on direct appeal.  See id.

In his pending action, Petitioner contends that his District

of Columbia indictment and conviction violate the void for

vagueness doctrine."[2]  See Doc. 1, ¶ 5.  Bailey adds that due to a

"a retroactive substantive change" in the laws of the District of

Columbia, he is entitled to relief.  See id. at ¶ 10.  The

Petitioner states that while his direct appeal was pending the

District of Columbia enacted the Anti-Sexual Abuse Act of 1994,[3]

which had an effective date of May 23, 1995.  In light of the

_____

[1](...continued)
Bailey denied the rape allegation indicating that the sex was
consensual.

[2]   The void for vagueness doctrine prohibits the government
from imposing sanctions under a criminal law so vague that it fails
to give ordinary people fair notice of the conduct it punishes.
See  Welch v. United States, __ U.S. ___, 136 S. Ct. 1257, 1262,
(2016)

[3]   See D.C. Code §§ 22-3001-3012.

enactment of that legislation, Petitioner generally asserts that the elements of the criminal offense for which he was convicted were substantially changed by the new legislation.[4]  His pending action claims entitlement to federal habeas corpus relief because his conviction was under the prior criminal statute.

## **Discussion**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not

---

[4]  Petitioner does not specifically explain why his conduct would not be criminal under the reworded statute.  He also vaguely asserts that his pending argument could have been raised by his appellate counsel.  Since Petitioner's appeal was decided on October 24, 1994 and the legislation at issue had an effective date of May 23, 1995 this ineffective assistance argument is lacking.

3

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claim via a federal habeas corpus  petition.  It would appear that it is Bailey's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg.

 It is well settled that "federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that the applicant's remedy pursuant to D.C. Code. Ann. § 23-110 is 'inadequate or ineffective to test the legality of' the detention."  Austin v. Miner, 235 Fed. Appx. 48, 50 (3d Cir. 2007).  A determination as to whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief.  See id.

For example, the § 23-110 remedy is not inadequate or ineffective simply because the applicant is prevented from using

4

the remedy a second time to litigate or re-litigate because relief has been previously denied. See Wilson v. Office of the Chairperson, 892 F. Supp. 277, 280 (D.C. Cir. 1995). Moreover, to allow a petitioner to file a habeas petition merely because he already has sought relief under § 23-110 would obliterate congressional attempts to promote finality in criminal cases.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), addressed what circumstances make a post conviction remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined *supra* at 4-5) placed upon post conviction remedies simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a federal habeas corpus petition. Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that the "inadequate and ineffective" requirement(thus allowing a petitioner to bring a § 2241 habeas corpus action) occurs where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive

5

law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a D.C. conviction or sentence.

Petitioner has not adequately established that his present action is based on a new rule of law made retroactive to cases on collateral review. Unlike Dorsainvil, Petitioner's present claim as stated does not establish that it is premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his D.C. conviction.[5] Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Bailey has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity.

Based on the foregoing analysis, second or successive § 23-110 motions are the only vehicles available to Bailey. See Austin, 235 Fed. Appx. at 51 (there is no limitation to a prisoner bringing a second or successive § 23-110 motion). Pursuant to the above discussion, Petitioner may not assert his

---

[5] In Tyler v. Cain, 533 U.S. 656, 663 (2001), the United States Supreme Court established that a new rule of law cannot be retroactively applied to cases on collateral review unless the Court itself holds it to be retroactive.

present claims in a § 2241 action before this Court.

Accordingly, the petition will be dismissed without prejudice.[6]

An appropriate Order will enter.

> S/Richard P. Conaboy
> RICHARD P. CONABOY
> United States District Judge

DATED: APRIL 25, 2017

---

[6] Petitioner is free to assert his pending claim via a § 23-110 action before the District of Columbia Superior Court.